**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>John Michael Caruso,<br><br>    Defendant. | No. CR-20-0165-01-PHX-JJT<br><br>**DETENTION ORDER** |

This matter came before this Court on Defendant's Emergency Motion to Reopen Detention Hearing, filed on April 1, 2020 (Doc. 47). The Government filed its response on April 6, 2020 (Doc. 49).

The Defendant appeared before this Court for a detention hearing on February 7, 2020, and the Court heard argument. Prior to the hearing, this Court reviewed the Pretrial Services Report (Doc. 9 – sealed), the Government's Motion for Detention Pending Trial (Doc. 14), and Defendant's Opposition (Doc. 23). This Court ordered Defendant detained, and set forth the following as the basis for Defendant's detention pending trial as a flight risk and danger:

> Defendant is charged by criminal complaint with one count of Conspiracy to Commit the crimes of Wire Fraud and Money Laundering. (Doc. 3.) In the complaint, Defendant is charged with carrying out a Ponzi "cryptocurrency" scheme that defrauded over 100 victims of at least 7.5 million dollars. The offense is alleged to have been committed in a relatively short period of time, since June 2018. During this time, it is alleged by the Government that bank records and casino records establish that Defendant lived an extravagant lifestyle, to include taking 30 trips to Las Vegas where

he lost over a million dollars gambling in a 13-month period. Defendant has flown on private jets to numerous domestic and overseas destinations. Defendant has also spent, during this same time period, hundreds of thousands of dollars on personal luxury items: - in contrast to Arizona Department of Economic Security records showing earnings of $22,800 in 2018. The Government asserts that, as investigators have not been able to trace where all of the investor money in Defendant's alleged scheme has gone, the Defendant could utilize those funds to flee the jurisdiction. The Government has also asserted that their financial investigation has uncovered no evidence of any legitimate investment of investor funds.

Defendant is 27 years of age and has seven prior felony convictions, beginning with two counts of "Extortion Threats" at the age of 18, committed in Collier County, Florida. Although he received probation for those offenses, he violated probation on three different occasions, two times for committing new crimes, and once for an unknown reason in 2016, after which he was sentenced to three years in prison. Defendant was released from prison in November, 2017, just months before he is alleged to have committed the present offense.

Defendant was also convicted of two counts of felony Theft–Obtain by Misrepresentation, in Scottsdale, Arizona, for which he ultimately received seven years' probation. While on probation, he was convicted of felony Forgery–Offers Forged Instruments, in Scottsdale, Arizona, for which he received a year in jail and five years of probation. Thereafter, and also while on probation, Defendant was convicted of two counts of Fraudulent Schemes/Artifices, in Maricopa County, Arizona, for which he received 90 days custody and five years of probation.

Defendant has a record of dishonesty, as evidenced by his criminal record, and by the statements he made to the interviewing U.S. Pretrial Services Officer. He advised her that he had no history of gambling, which is contradicted by the Government's evidence. Defendant also stated that he attended college, and that he worked in the past as a paralegal, although his mother indicated that Defendant did not further his education after high school. In promotional materials for his cryptocurrency business, Defendant represented that his wealth had grown into the millions of dollars between 2009 and 2017, which was the time period Defendant was on probation or in prison for crimes committed. Although Defendant faces only a five-year maximum sentence for the charge against him, he is likely looking at substantial time in prison if convicted, based upon his criminal history.

Defendant has substantial ties to the community, as evidenced by the numerous letters submitted to the Court on his behalf from family and friends. He has proposed that a friend, Greg Price, mortgage the $140,873 equity in his $340,873 home to secure a bond for Defendant. Mr. Price has also agreed to serve as a third-party custodian. The Government proffered

that Mr. Price is associated with Defendant's father in a business that has received approximately $140,000.00 from Defendant's company.

      The Court finds, based upon the above, that the Government has presented, by a preponderance of the evidence, that Defendant poses a serious flight risk, and that, by clear and convincing evidence, that Defendant poses a danger to the community. The Defendant has committed several crimes while under the supervision of courts. There is evidence that he has, in a relatively short period of time, received millions of dollars, travelled abroad, gambled a significant amount of money, and has a track record of dishonesty. He has been convicted of violent felonies (extortion threats) and five separate felony convictions for fraud-related offenses. He has either been on probation or in prison nearly continuously from the time he was 18 years of age, and now is accused of serious financial fraud.

      Considering the factors set forth in 18 U.S.C. § 3142(g), the Court determines that no conditions, or combinations of conditions will assure the appearance of the defendant as required, or the safety of any other person and the community.

(Doc. 27).

Defendant did not appeal this Court's February 7, 2020, detention order to the presiding District Court Judge.

The Bail Reform Act permits the "reopening" of detention:

> at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required.

18 U.S.C. § 3142(f)(2)(b)

Defendant now seeks to reopen this detention hearing on two new grounds[1]: 1) the spread of COVID-19 presents a grave and deadly threat to Defendant because he is incarcerated, and (2) Defendant's friend, Mr. Price has agreed to increase the amount of secured bond from $140,000 to $300,000. As a preliminary matter, this Court finds that the increased amount of proposed bond amount does not change this Court's previous analysis and conclusion, particularly given Mr. Price's relationship with Defendant and his father[2], and particularly as the bond amount is not sufficient to assure the safety of the

---
[1] Much of Defendant's argument is a re-hash of arguments made at the detention hearing. The Court will not re-consider previously made arguments.
[2] See, Doc. 49-3, in addition to findings from detention hearing.

- 3 -

community or Defendant's appearance given the numerous other factors cited by the Court in support of detention.

To the extent Defendant's motion is based upon the Defendant's increased risk of contracting COVID 19 while in pretrial detention at CoreCivic, Defendant only speculates as to the risk. Although it is undisputed that COVID 19 presents a serious health risk to the general public, most governments, institutions (to include housing facilities) are taking measures to minimize the risk. Defendant does not cite to sources that describe the steps taken by CoreCivic to minimize the risk, nor to sources that describe he institution's virus detection and treatment capacity. Additionally, Defendant is young man, 28 years of age, and has no reported serious underlying medical conditions.

This Court agrees with the conclusion of the Court in United States v. Caddo, in that "too much is speculative to outweigh the legitimate countervailing concerns the government raises," No. CR 18-08341-002-PCT-JJT, (D. Ariz. March 23, 2020, doc. 174 at 3). Additionally, although some Courts have found that the current pandemic in certain circumstances justified release of a previously detained defendant, many Courts have not, thus supporting review on a case-by-case basis. See, United States v. Motley, No. 19-cr-00026-LRH-WGC-1 (D. Nevada, Apr. 2, 2020, No. 137 at 6) (collecting cases). Since Defendant was detained, he has been indicted on 17 felony counts of conspiracy, wire fraud and money laundering. The indictment alleges a scheme to defraud victims of at least 9 million dollars. Since his arrest, Defendant and his father have contacted some of the alleged victims.

Defendant also does not establish how his trial preparation is hampered in any significant way by COVID 19, or that the trial will be substantially delayed.

Finding that Defendant has not presented new information that changes this Court's previous finding that this Defendant should be detained pending trial, the Court will deny Defendant's motion to reopen detention hearing.

\\\

\\\

IT IS ORDERED denying Defendant's Emergency Motion to Reopen Detention Hearing (Doc. 47).

Dated this 8th day of April, 2020.

Honorable Michelle H. Burns
United States Magistrate Judge