NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>John Michael Caruso, *et al.*,<br><br>Defendants. | No. CR-20-00165-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Caruso's Objection to Order Denying Defendant's Emergency Motion to Reopen Detention Proceedings (Doc. 53), filed April 22, 2020. The government filed a Response (Doc. 65) on April 29, 2020, and the Court held a hearing on the matter April 30, 2020 (Doc. 67). Defendant filed a Supplement to his Objections (Doc. 68) on May 4, 2020 and pursuant to the Court's Order the government filed a Response May 7, 2020 (Doc. 70).

Defendant seeks review by this Court of Magistrate Judge Michelle H. Burns's decision not to reopen of the detention proceedings in this case. Detention proceedings had ended with Judge Burns's issuance of an Order of Detention on February 7, 2020. (Doc. 27.)

18 U.S.C. § 3142(f) provides in relevant part that a judge may reopen a detention hearing upon a finding that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance" of a defendant for future proceedings.

In his Motion to Reopen before Judge Burns, Defendant offered two items of information he urges Judge Burns should have found justified reopening the detention hearing. First, Defendant advised that the amount of money he could post for an appearance bond had increased. At Defendant's detention hearing in February, Mr. Price—a family friend and at least sometime business associate of Defendant's father—had offered to post $140,000. The purported new information was that Mr. Price would raise that amount to $300,000.

Second, Defendant cited the advance of the COVID-19 virus, which at the time of his original detention hearing was known to have infected only a handful of persons nationwide, but by the time he filed his Motion to Reopen on April 1, 2020 had infected tens of thousands, resulting in loss of life to some, and emergency declarations from the President of the United States and the Governor of Arizona. Defendant urged Judge Burns that his release was necessary to avoid imperiling his health and that of his counsel, as he argued that a prison was a "breeding ground" for "deadly" viruses. (Doc. 47 at 2, 5.) Defendant also introduced in his Motion some re-argument of the other aspects of Judge Burns's Detention Order previously known to, and argued by, him, and therefore not to be considered in determining whether the criteria to reopen detention proceedings under Section 3142(f) have been met.

Judge Burns denied the Emergency Motion on April 8, 2020 (Doc. 50). She expressly did not consider extraneous information beyond the Section 3142(f) criteria. (Doc. 50 at 3, n. 1.) First, Judge Burns concluded that the increase in bondable amount offered by Mr. Price did not change her previous conclusion that such bond was insufficient to address danger and flight risk, based on the risk factors she previously laid out in her Detention Order, from which she quoted at length in the denial Order (Doc. 50 at 3-4).

Second, Judge Burns concluded that Defendant's information on increased COVID-19 activity did not materially bear on the question of whether conditions would reasonably assure Defendant's presence at future proceedings. In so concluding, Judge Burns found Defendant's arguments about harm to him from COVID-19 to be too speculative and devoid of specific information on procedure—or the lack thereof—to protect detainees at

CoreCivic. She observed that Defendant's age—28—and his lack of any documented health issues that would put him at particular risk for severe effects of COVID-19 also detracted from his argument (Doc. 50 at 4). Finally, Judge Burns found that Defendant did not establish how his trial preparation would be "hampered in any significant way by COVID-19, or that the trial will be substantially delayed." (Id.) Concluding that Defendant had not presented any new information to change her previous finding that detention is appropriate, Judge Burns denied Defendant's Motion to Reopen.

Defendant timely sought review of Judge Burns's ruling by filing his Objections (Doc. 53) fourteen days after entry of her Order, as required by Rule 59(a). The briefing and hearing before this Court ensued.

At the hearing on the instant motion, the Court concluded that the proposed increase in bond amount from Mr. Price did not materially bear on the issue of whether conditions would reasonably ensure Defendant's presence at future proceedings. The Court set forth its reasoning on that issue in great detail (Tr. 04/30/20 pp.71-75), which can be summarized as follows: where the source of an appearance bond, whether $140,000 or $300,000, is not the asset of Defendant himself, his family or loved ones, but rather a family friend and business associate of Defendant's father, such a bond does not sufficiently mitigate the risk of flight. The Court thus reaches the same conclusion as, and will not disturb, Judge Burns's ruling that an increase in bond amount is a change that does not materially bear on adequacy of release conditions under Section 3142(f).

The Court took under advisement whether Defendant's COVID-19 argument and the information not previously available to him bore materially on the release condition issue. It analyzes that issue both for its direct impact directly under the 3142(g) factors and for its indirect impact under the provisions of Section 3142(i).

Reviewing the COVID-19 information presented and argued by Defendant, it is clear that his counsel took to heart the deficiencies Judge Burns pointed out in her Order denying reopening, and attempted to address them. Counsel—quite appropriately— provides more information about virus-related protocols of the Bureau of Prisons and

CoreCivic, as well as descriptions of the limitations those protocols have placed on his ability to meet and confer with Defendant, in terms of length and frequency of meetings; meeting space; direct contact restrictions; and physical limitations on being able to share documents, view items together and search computer drive contents together. But none of this information has any relevance to the Court's weighing of what is required under Section 3142(f)—it does not impact whether any conditions of release will reasonably ensure his future appearance. The consequences of COVID-19 simply do not bear on that question. Put another way, if Judge Burns has determined by at least a preponderance that Defendant represents a flight risk that no conditions will cure, the introduction of an illness and its potential impact on Defendant does not change that risk or the ability of conditions to cure it. The two issues are apples and oranges.

The only possible avenue for ramifications of COVID-19 to materially bear on the Court's calculus of the detention issue under Section 3142 *et seq.* is if the Court concludes that COVID and its consequences make temporary release "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Defendant presents two arguments under Section 3142(i). First, he argues, as he did before Judge Burns, that the rapid spread and potential lethality of the virus presents a danger to his health such that his release is necessary for the "other compelling reason" of preserving his life and health. To be sure, the advance of COVID-19 generally and in the CoreCivic facility is information that did not exist at the time of Defendant's detention hearing in February. At that time, no confirmed cases of the virus were recorded in the facility. As of May 10, 2020, eight detainees and seven staff members have been confirmed by various tests as positive for the virus, and one unit-mate of Defendant displayed symptoms and has been tested, but no results of that test have been forwarded to the Court. As a result, Defendant's cohort has been placed in quarantine, he and fellow cohort members are being observed for symptoms and possible treatment, and he is unable to visit with his counsel from the quarantine imposition date until either his unit-mate's test returns negative for COVID or his unit is otherwise cleared of infection.

While the above constitutes new information and changed circumstance, the Court concludes it does not constitute a compelling reason to release Defendant to avoid risk of COVID-19 fatality. Defendant generally argues that circumstances, protocols and procedures at CoreCivic are inadequate to protect him from the virus, but the government has put forth sufficient information to demonstrate that those protocols and practices, dealing with cohort separation, observation, isolation, prophylactic quarantine and treatment are well-thought-out, responsive and reasonable measures that likely provide more protection to CoreCivic detainees than is available to most members of the community who are not in custody, and is the likely reason no infection reached the facility as late as eight weeks after it had circulated through the rest of the nation. And while the virus is now present in the CoreCivic facility, so too does it remain present and nearby everywhere else. The Court finds Defendant's argument that release is necessary to avoid potential mortal danger specific to him is still speculative, particularly in light of his age and lack of health conditions that would make his infection potentially more dangerous. The virus information does not materially bear on or constitute a "compelling reason" to release Defendant for health purposes.

Defendant separately argues that in addition to increasing his risk of becoming infected, the COVID-19 appearance at CoreCivic has resulted in procedural changes by staff to minimize and mange its spread, and those changes have made it substantially more difficult to meet and communicate with his counsel. He therefore seeks release under Section 3142(i) as necessary to "prepare his defense."

In support of this argument, Defendant noted that, as of the hearing on April 30, 2020, counsel had visited defendant at CoreCivic 12 times, and as the facility adopted more measures to control for risk of infection, it increased restrictions on times defendant and counsel could meet, space available to meet, and conditions allowing them to pass documents back and forth or consult together over a common computer screen. And as noted above, on May 3, 2020, when Defendant's unit-mate exhibited flu and fever symptoms, Defendant's unit was quarantined—to include suspension of attorney visits—

pending test results on the unit-mate. The Court is unaware whether the quarantine on Defendant's unit has yet been lifted.

The administrative measures employed at CoreCivic to prevent the spread of COVID-19 cases and to manage extant cases have made attorney-client consultation for some detainees—including Defendant—more difficult than is ordinarily that case, and for a time starting May 3, 2020, brought them temporarily to a halt. This presents a closer question than did the potential risk posed by the virus specifically to Defendant's life and health. But the Court concludes those temporary difficulties do not rise to a level necessitating release to facilitate preparation of defendant's defense. Defendant's trial is currently set for September, nearly five months in the future. CoreCivic will relax restrictions on attorney client visitation as it clears cohorts for absence of infection, on a unit-by unit basis. If that does not happen, or if all visitation between counsel and client is prohibited, for an extended period of time such that Defendant's ability to prepare is substantially impacted, the Court can remedy by extending time or revisiting Section 3142(i). At present, the burden is not met and the Court will not reopen detention proceedings on the basis of COVID-19.

**IT IS ORDERED** overruling Defendant's Objections (Doc. 53) to Judge Burns's Order denying the Emergency Motion to Reopen Detention. As the Clerk of Court has treated the Objections as a Motion,

**IT IS FURTHER ORDERED** denying the Motion at Doc. 53.

Dated this 13th day of May, 2020.

_____
Honorable John J. Tuchi
United States District Judge